UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN J. KOPEC and<br>CAROL L. KOPEC, | )<br>)<br>) | |
| Plaintiffs, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | File No. 1:16-cv-04841 |
| SETERUS, INC. and<br>J.P. MORGAN CHASE BANK, N.A., | )<br>) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**JOINT INITIAL STATUS REPORT**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's standing order, the parties submit the following Joint Initial Status Report.

**1.    Attorneys of Record**

      a.  Plaintiff Steven and Carol Kopec ("Kopec"):

          Sulaiman Law Group, Ltd.
          Ross M. Zambon (lead attorney)
          Mara A. Baltabols
          Ahmad T. Sulaiman

      b.  Defendant Seterus, Inc. ("Seterus"):

          Maurice Wutscher LLP
          Jeffrey Karek (lead attorney)
          Gregg M. Barbakoff

      c.  Defendant JPMorgan Chase Bank, N.A. ("Chase"):

          Burke, Warren, MacKay & Serritella, P.C.
          Danielle J. Gould (lead attorney)

**2.    Basis for Jurisdiction**

Federal Statutes

Kopec has federal claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k, and the Real Estate Settlement Procedures Act ("RESPA"), 15 U.S.C. § 2614, to support subject matter jurisdiction under 28 U.S.C. §§ 1331 & 1337. Supplemental jurisdiction exists for the state law Illinois Consumer Fraud Act ("ICFA") claim pursuant to 28 U.S.C. § 1367.

3.   **Nature of Claims**

Kopec's FDCPA and ICFA claims are founded upon allegations that Defendants employed unfair and deceptive servicing and debt collection practices related to Kopec's (previous) home mortgage loan. Kopec has alleged that Defendants attempted to collect upon a debt – that was fully extinguished in 2011 – for the last five years and threatened Kopec with litigation over a debt that didn't exist.

Kopec's RESPA claims are founded upon allegations that Seterus did not timely acknowledge receipt of, or properly respond to, Kopec's written dispute letters known as "Qualified Written Requests" or "QWRs."

4.   **Name of Any Party Not Yet Served**

None.

5.   **The Principal Legal Issues**

Whether Defendants violated the FDCPA, RESPA, and ICFA in their handling of Kopec's home loan. Whether Seterus violated RESPA in its handling of Kopec's written disputes.

6.   **The Principal Factual Issues**

Plaintiff alleges that in 2007, Kopec purchased a home in New Lenox, Illinois with a mortgage loan from Chase. On September 14, 2011, Kopec entered into a deed-in-lieu agreement with Chase, which transferred title of the property to Chase and operated as a full satisfaction mortgage loan debt. Thereafter, Chase transferred the then nonexistent debt to Seterus; Seterus continued with collection activity and threats of foreclosure. After a slew of written disputes, Seterus transferred the subject debt back to Chase. Chase continued to attempt to collect upon the nonexistent debt from Kopec and threaten foreclosure. As a result, Kopec suffered economic and noneconomic damages, and Steven Kopec suffered related health problems associated with stress.

Defendants do not dispute that these are the factual issues alleged by Plaintiff or that these are the factual issues to be addressed in this lawsuit. Defendants do, however, dispute certain allegations in the Complaint and reserve the right to defend against those allegations.

7.   **Whether a Jury Trial is Expected**

Kopec has demanded and anticipates a jury trial.

8.   **Discovery Undertaken**

None taken to date.

The type of discovery needed will likely include interrogatories, production requests, requests to admit, fact witness depositions, third party discovery, and possibly expert discovery.

The parties propose the following schedule for discovery:

26(a)(1) disclosures – 6/27/16

Fact discovery completion date – 1/5/17

2

**Expert discovery** (The parties are unsure if expert discovery will be needed and suggest a status hearing after the close of fact discovery to confirm this schedule):

    Plaintiff's expert reports – 2/2/17

    Deposition of Plaintiff's experts – 3/3/17

    Defendants' rebuttal reports – 4/4/17

    Deposition of Defendants' experts – 5/4/17

**Dispositive motion cutoff:**

    If expert discovery is waived – 2/15/17

    If expert discovery is taken – 6/15/17

**9. Trial Date**

The earliest date the parties will be ready for trial is September 2017. The anticipated length of the trial is 3 to 4 days.

**10. Consent to Proceed in Front of a Magistrate**

The parties have not unanimously consented to proceed before a magistrate.

**11. State of Settlement**

Kopec will issue a settlement demand to all Defendants by July 1, 2016 and Defendants will respond by July 15, 2016.

Dated: July 6, 2016

| **Steven and Carol Kopec** | **Seterus, Inc.** |
|---|---|
| By: /s/ *Ross M. Zambon* | By: /s/ *Gregg M Barbakoff* |
| Ross M. Zambon | Gregg M. Barbakoff |
| Mara A. Baltabols | Maurice Wutscher LLP |
| SULAIMAN LAW GROUP, LTD. | 105 W. Madison St. |
| 900 Jorie Boulevard, Suite 150 | 18th Floor |
| Oak Brook, IL 60523 | Chicago, IL 60602 |
| (630) 575-8181 | (312) 416-6170 |
| *Attorneys for Kopec* | *Attorney for Seterus* |

**JPMorgan Chase Bank, N.A.**

By: /s/ *Danielle J. Gould*
Danielle J. Gould
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue
Chicago, IL 60611
(312) 840-7000
*Attorney for Seterus*